UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

God, Michael A. Rezk

    v.                                                              Case No. 18-cv-1247-PB

State of New Hampshire

**REPORT AND RECOMMENDATION**

Petitioner, a New Hampshire State Prison inmate who identifies himself as "God, Michael A. Rezk," has filed a document (Doc. No. 1), that the court has docketed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Because this matter has been opened as a habeas action, it is before the court for preliminary review, to determine whether Rezk's petition is facially valid and may proceed, pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules") and LR 4.3(d)(4)(A).

**§ 2254 Rule 4 Standard**

A judge is required to examine a petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition." § 2254 Rule 4; see also 28 U.S.C. § 2253 (writ may be issued, "unless it appears from the application that the . . . person

detained is not entitled to it"); § 2254 Rule 1 (allowing court to subject § 2241 petitions to preliminary review under § 2254 Rule 4); McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). The court construes Rezk's pleadings liberally, in light of his pro se status. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

**Discussion**

I.  Characterization of Petition

The court has docketed Rezk's petition as a habeas petition, because in it, he seeks release from incarceration, alleging: "I was arrested for a warrant of armed robbery[] in 2001, I've yet too [sic] be charged and taken too [sic] trial for armed robbery." Doc. No. 1, at 1. Although Rezk's initial filing in this case was docketed as a § 2254 petition, as explained in this Report and Recommendation, the petition does not assert any claims challenging the state court judgment(s) which resulted in his current incarceration. Accordingly, it is not properly characterized as arising under § 2254, which grants jurisdiction over a petition challenging custody pursuant to state court "judgment" that violates inmate's federal rights. Instead, the petition is properly construed as asserted under 28 U.S.C. § 2241(c)(3), which grants this court jurisdiction to

2

review an inmate's custody that is alleged to violate the Constitution, laws, and/or treaties of the United States.

II. Legal Insufficiency of Petition

   A.   Facts Underlying Rezk's Present Incarceration[1]

Rezk was arrested on March 29, 2001 pursuant to a warrant for an alleged January 2001 armed robbery.  See State v. Rezk, 150 N.H. 483, 485, 840 A.2d 758, 760 (2004) (affirming Rezk's convictions on one receiving stolen property charge and two felon in possession of a firearm charges, reversing Rezk's convictions on an attempted burglary charge and one felon in possession of a firearm charge, and remanding for resentencing).  At the time of his March 29, 2001 arrest, Rezk, who had previously been convicted of a felony.  See id., 150 N.H. at 485, 493, 840 A.2d at 760, 766-67; see also State v. Rezk, No. 218-2001-CR-00953, -00954 (N.H. Super. Ct., Rockingham Cty.).

After his arrest, Rezk was taken to the police station and questioned by the police.  In exchange for a waiver of his

---

[1]The court gleans these facts from State v. Rezk, 150 N.H. 483, 485, 840 A.2d 758, 760 (2004), and takes judicial notice of that case; Rezk does not reference them in his petition.  Cf. Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 55 (1st Cir. 2006) (in determining sufficiency of complaint, court may consider facts properly subject to judicial notice); see also Maher v. Hyde, 272 F.3d 83, 86 n.3 (1st Cir. 2001) (federal courts may take judicial notice of proceedings in other courts if relevant to matters at hand).

Miranda rights, the police promised Rezk, among other things, that they would not charge him with the January 2001 armed robbery that was the subject of the arrest warrant.  See Rezk, 150 N.H. at 485, 840 A.2d at 760.  The police never charged Rezk with armed robbery.  See id., 150 N.H. at 486, 840 A.2d at 761.

Rezk was charged with being a felon in possession of a firearm and receiving stolen property, see id., 150 N.H. at 485, 493, 84 A.2d at 760, 766-67; see also State v. Rezk, No. 218-2001-CR-00953, -00954 (N.H. Super. Ct., Rockingham Cty.), and convicted of those offenses after a jury trial.[2]  See Rezk, 150 N.H. at 485, 84 A.2d at 760.  The Superior Court sentenced him to serve 13½ - 37 years in prison for those offenses.[3]  Nothing in Rezk's filing in this court suggests that he is challenging

---

[2]Rezk was also charged with, and convicted of, attempted burglary and a third felon in possession of a firearm offense; those convictions were later reversed for reasons not pertinent to the court's preliminary review of the instant petition.  See Rezk, 150 N.H. at 493, 840 A.2d at 767.

[3]It appears that, in addition to his sentence for receiving stolen property and being a felon in possession of a firearm, Rezk is incarcerated pursuant to a 10 - 30 year sentence imposed by the state Superior Court for a 2008 conviction for criminal threatening.  See Sept. 5, 2008 Sent'g Order, State v. Rezk, No. 218-2007-CR-03101 (N.H. Super. Ct., Rockingham Cty.) (imposing 10 – 30 year prison sentence, to be served consecutively to Rezk's 2004 sentence).  The New Hampshire Department of Corrections online inmate locator indicates that Rezk has a minimum release date of September 17, 2024.  See https://business.nh.gov/inmate_locator/default.aspx (last visited Sept. 23, 2019).

those criminal convictions or sentences, pursuant to which he is presently incarcerated.

Because Rezk was never charged with armed robbery, he has never been detained pursuant to the January 2001 armed robbery, except on March 29, 2001, when he was arrested and detained at the police station on those charges. Accordingly, Rezk is not presently incarcerated pursuant to the January 2001 armed robbery.

### B. Challenge to Present Custody

To obtain habeas relief under § 2241, Rezk must demonstrate that he is in custody in violation of his federal constitutional rights, or his rights otherwise arising under federal law. See 28 U.S.C. § 2241(c)(3); see also id. at § 2254(a); Maleng v. Cook, 490 U.S. 488, 490 (1989). The "in custody" requirement of the federal habeas statute is jurisdictional. See Maleng, 490 U.S. at 490. Custody is determined as of the date the habeas petition is filed. See Carafas v. LaVallee, 391 U.S. 234, 238-40 (1968).

To the extent Rezk, in this action, seeks to assert claims challenging the fact that he was never charged, tried, or convicted of armed robbery, the petition does not suggest any grounds upon which Rezk could assert such claims to challenge his present custody on other unrelated offenses. Further, in

5

his petition, Rezk did not mention, much less challenge, the validity of his incarceration pursuant to the convictions and sentences underlying his present incarceration. Accordingly, Rezk cannot demonstrate that he is "in custody," 28 U.S.C. § 2241(c)(3), in violation of his federal constitutional or statutory rights, and the district judge should dismiss his petition on that basis.

## Conclusion

For the foregoing reasons, the district judge should characterize this matter as a § 2241 petition, and then dismiss it in its entirety. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 26, 2019

cc: God, Michael A. Rezk, pro se

6